UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 05 CR 321 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| JONATHAN LACY | ) | |

**MEMORANDUM AND ORDER**

Jurors found defendant Jonathan Lacy guilty of attempted aggravated bank robbery, *see* 18 U.S.C. § 2113(a), 2113(d) and 2, and brandishing a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii) and 2. Lacy has now filed motions for a judgment of acquittal or, alternatively, a new trial. *See* Fed. R. Crim. P. 29(c) (motion for acquittal), 33 (motion for a new trial). The gist of Lacy's arguments in both motions is that the government failed to prove beyond a reasonable doubt that his gun fit the definition of "firearm" required for a conviction under § 924(c)(1)(A)(ii), which includes only guns manufactured after 1898. *See* 18 U.S.C. § 921(a)(16). For the reasons that follow, the court denies both motions.

**ANALYSIS**

A motion for a judgment of acquittal under Rule 29(c) challenges the sufficiency of the evidence against the defendant, and must be denied if a rational juror could have found the essential elements of the crime beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. *See United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003). A motion for a new trial under Rule 33(a) should be granted only if required by "the interests of justice." Fed. R. Crim. P. 33(a). A motion for a new trial is not favored, should be granted sparingly, and is appropriate only if "substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989).

*Motion for Acquittal*

The government presented overwhelming evidence that Lacy's gun was manufactured after 1898, and therefore was a firearm. Specifically, the government's expert witness—Michael Curtis—testified that Lacy's gun was manufactured by Hopkins & Allen, was stamped with a patent date of December 6, 1898, and that the 1898 patent was actually issued to the Forehand Arms Company. According to Curtis, Hopkins & Allen bought Forehand Arms Company sometime between 1900 and 1902. Given that Lacy's Hopkins & Allen gun was stamped with a patent issued to Forehand Arm, Curtis concluded that the gun must have been manufactured after Hopkins & Allen purchased Forehand Arm well after 1898. Additionally, Curtis testified that the gun's assembly number was printed on the bank of the cylinder, consistent with the design of Hopkins & Allen guns after 1898. Curtis also testified that the firing mechanism on Lacy's gun was unlike the mechanism depicted in the application for the December 6, 1898 patent, and resembled the design used by Hopkins & Allen only after 1900.

Lacy contends that the government's evidence was insufficient for two reasons. First, he argues that Curtis was not qualified to be an expert witness. The court disagrees. Curtis is a firearms enforcement officer with the firearms technology branch of the Bureau of Alcohol, Tobacco, and Firearms. His responsibilities include identifying and dating firearms. He has attended and taught numerous courses in identifying and dating firearms. His 26 years' experience in gun-smithing includes 20 years with the Marine Corps, where he studied and trained others on the manufacture, repair, modification, and care of firearms. Nevertheless, Lacy argues that Curtis testified outside the scope of his expertise because his opinion was based, in part, on drawings submitted with the application for the 1898 patent. However, Curtis did not

opine on the validity of the 1898 patent; he merely testified that the firing mechanism depicted in the patent application was inconsistent with the firing mechanism on Lacy's gun. Therefore, his opinion did not fall outside the scope of his expertise on firearm design and dating.

Second, Lacy argues that the government failed to establish with certainty that the gun was manufactured after 1898. In support, Lacy cites testimony from Curtis that Hopkins & Allen's records were destroyed sometime between 1898 and 1900, which, Lacy contends, makes dating the gun conclusively impossible. Lacy also argues that the government failed to disprove his theory that Hopkins & Allen could have produced the gun during the period December 6, 1898 through December 31, 1898, even though Forehand Arm held that patent during that three-week period. According to Lacy, Hopkins & Allen could have obtained a license from Forehand Arm to produce the gun, and the government failed to establish conclusively that no such licensing occurred. Lacy also notes that the government's expert testified that the gun in question could have been designed as early at 1885, and that a spring used on the gun was patented in 1874.

Lacy's argument is premised on the faulty assumption that the government must prove its case beyond all metaphysical doubt, when in fact the proper standard is beyond a *reasonable* doubt. *See United States v. Ytem*, 255 F.3d 394, 397 (7th Cir. 2001) ("'absolute certainty is unattainable in matters relating to human affairs,'" quoting *Victor v. Nebraska*, 511 U.S. 1, 13 (1994)). Jurors heard the bases for Curtis' expert opinion that Lacy's gun was manufactured after 1898, and they were entitled to accept or reject that opinion. *See Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003) (determining whether or not an expert is correct is within the province of the jury).

In addition to arguments that the government's evidence was insufficient, Lacy also argues that his motion for acquittal should be granted because the government confused jurors by instructing them to disregard an element of the crime with which Lacy was charged, namely by erroneously telling jurors that "[w]hether or not it's a firearm, it doesn't matter. It's a dangerous weapon." However, the government made that argument while addressing the elements of attempted aggravated bank robbery. Under 18 U.S.C. § 2113(d), a bank robbery is considered aggravated if, during its commission or attempted commission, the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." "Dangerous weapon" is not subject to the limitation that the weapon be manufactured after 1898, even though antique weapons are exempt under § 924(c). Therefore, a defendant can be guilty of aggravated bank robbery based upon the use of an antique weapon, even though the weapon's status as an antique would not permit a conviction under § 924(c). *See United States v. Kirvan*, 86 F.3d 309, 310 (2d Cir. 1996) (affirming conviction for aggravated bank robbery committed with the use of an antique weapon). The government obviated any possible confusion by emphasizing the differences between what it needed to prove to support a conviction under § 2113(a) & (d), as opposed to what it needed to convict under § 924(c), which does require the government to prove that Lacy's gun was manufactured after 1898. The court therefore concludes that the government properly set forth the elements of Lacy's crimes, and that no confusion could have occurred.

*Motion for a New Trial*

Lacy offers two arguments in favor of a new trial. First, he argues that the court improperly allowed Curtis to testify as an expert. For the reasons stated above, the court rejects that argument.

Second, Lacy argues that the court improperly placed the burden on him to prove beyond a reasonable doubt that his gun was manufactured during 1898 or earlier. The status of a weapon as a "firearm" manufactured no later than 1898 is not an element of § 924(c), but may be raised by a defendant as an affirmative defense. *See United States v. Lawrence*, 349 F.3d 109, 122 (3d Cir. 2003) ("establishing that a weapon is an 'antique firearm' for purposes of §§ 921 and 922 is an affirmative defense that must initially be raised by sufficient evidence to justify shifting a burden of proof to the government.") Lacy succeeded in raising the affirmative defense with evidence from his own expert opining that the gun may have been manufactured between December 6, 1898 (the date on the patent stamp) and the end of that year. As a result, the government was required to prove beyond a reasonable doubt that the gun was manufactured after 1898—a burden which, as discussed above, the government met.

Nevertheless, Lacy contends that jurors may have believed that the burden was his based upon an argument the government made during closing. According to Lacy, the government "suggested that it was the defendant's burden to establish that the patent rights had been sold to Hopkin & Allen during the December 1898 time frame." The court has reviewed the portion of the transcript Lacy has cited and finds no such suggestion. The government merely told jurors that it was unable to prove that Forehand Arms had never licensed its patent to Hopkins & Allen

because "[y]ou can't prove a negative."  It never suggested that Lacy bore the burden of proving that such a license existed.

**CONCLUSION**

For the reasons stated above, Lacy's motion for acquittal [54-1] and for a new trial [55-1] are denied.

ENTER:

DATE:  November 30, 2006

Blanche M. Manning
United States District Judge